## Commonwealth v. Emerick.

*Power of alderman to impose costs—Summary conviction—Appeal—Constitutional law—Acts of April 17, 1876, and May 27, 1919.*

1. The power given to an alderman to impose costs upon a defendant under section 2 of the Act of May 27, 1919, P. L. 306, is to be exercised only in cases where the defendant is found not guilty.

2. Where a defendant is charged before an alderman with having committed assault and battery, and the alderman, without deciding his guilt or innocence, imposes the costs on him, this is not a summary conviction, and an appeal is not authorized by the Constitution or the Act of April 17, 1876, P. L. 29, and is not the proper way to raise the question of such defendant's liability to pay the costs. The defendant, if imprisoned for non-payment of the costs, can raise such question by *habeas corpus.*

3. The Act of May 27, 1919, P. L. 306, is unconstitutional, for the reason that it conflicts with article i, section 6, of the Constitution, which gives the defendant the right to a trial by jury.

Rule to strike off appeal. Q. S. Lancaster Co., Sept. T., 1924, No. 203.

*Charles W. Eaby,* for rule; *Paul A. Mueller* and *John M. Groff,* contra.

HASSLER, J., Oct. 4, 1924.—The defendant was charged before an alderman of this city with having committed assault and battery upon one Benjamin Fager. At the hearing on July 31, 1924, the costs were placed upon the defendant, under the provisions of the Act of May 27, 1919, P. L. 306. No decision of the plaintiff's guilt or innocence appears in the transcript of his docket to have been made by the alderman. On Aug. 4, 1924, we allowed an appeal from the alderman's action in imposing the costs on the defendant, upon proper cause being shown. This we are now asked to strike off.

Section 14 of article v of the State Constitution authorizes the judge of the court to which the defendant desires to appeal upon cause shown to allow an appeal in cases of summary conviction and action for penalty. The Act of April 17, 1876, P. L. 29, provides that in all cases of summary conviction

either party may appeal to the Quarter Sessions within five days by allowance of a judge of the Court of Quarter Sessions upon cause shown.

The power given to an alderman to impose costs upon a defendant under section 2 of the Act of May 27, 1919, P. L. 306, is to be exercised only in cases where the defendant is found not guilty, as it provides that it can only be done when the evidence shows the charge to be not well founded. The alderman's action, therefore, in imposing the costs upon this defendant was not a summary conviction, but was in fact an acquittal, and as neither the Constitution nor the Act of April 17, 1876, P. L. 29, nor any other statute, authorizes an appeal under such circumstances, it should not have been allowed, and we must make absolute the rule to strike it off.

Judge Endlich, in the case of Com. v. Bossler, 29 Dist. R. 171, decided that the Act of 1919, under which the costs were imposed upon this defendant, is unconstitutional, for the reason that it conflicts with section 6 of article I of the Constitution, which gives the defendant a right to trial by jury. While this question has been decided the other way, we fully agree with the conclusion arrived at by Judge Endlich in that case. An appeal, however, not being authorized, is not the way to raise the question of the defendant's liability to pay the costs which have been imposed upon him. The act provides that on failure to pay them the defendant shall be imprisoned a day for each dollar of costs. If this is done or attempted, the defendant can have his liability to pay costs under this Act of May 27, 1919, P. L. 306, which we believe to be unconstitutional, decided on a writ of habeas corpus, but it cannot be done on an appeal, as none is provided for. We make absolute the rule to strike off the appeal.

From George Ross Eshleman, Lancaster, Pa.